## 43077. JESSUP v. FRANKLIN LIFE INSURANCE COMPANY.

WHITMAN, Judge. Plaintiff (appellant) brought this action to recover under a life insurance policy issued on her husband in which she was the named beneficiary. The policy was

issued in March 1961 and continued in force until the policy lapsed in September 1964 for non-payment of premiums. In November 1964 the insured made application for re-instatement, as the policy provided might be done, by written application with evidence of insurability and payment of all past due premiums. The policy was re-instated and the insured died in August 1965. Plaintiff's demand for payment of benefits under the policy was refused by defendant for the reason that the proofs of death submitted caused an investigation to be made, which revealed that the application for re-instatement contained misrepresentations material to the risk.

By the application for re-instatement signed by the insured, the insured declared and affirmed as true, to the best of his knowledge and belief, that he had had no illnesses or injuries in the past 5 years; that he had been treated by no physicians or practitioners in the past 5 years; and that he was in good health. By the application the insured agreed that: "To the extent permitted by statute, if any material statements or answers to the question herein given shall prove within a period of two years from date of such re-instatement to be incomplete or untrue then the re-instatement of said policy, if granted upon this application, shall be void and of no effect."

The policy which defendant sought to have re-instated provided that: "Only the president or secretary has power in behalf of the company . . . to make or modify this or any contract of insurance . . . and the company shall not be bound by any promise or representation heretofore or hereafter given by any agent or person other than the above."

The defendant made a motion for summary judgment. The evidence was that the defendant did conduct an investigation which showed that the insured died from acute myocardial infarction due to arteriosclerotic heart disease, due to chronic alcoholism, and that the insured had had 10 hospital confinements from March 1962 to March 1964, with diagnoses of acute gastroenteritis, acute alcoholism, cerebral concussion, chronic alcoholism, acute alcohol intoxication, acute brain syndrome with alcohol and paraldehyde intoxication, and chronic alcohol addiction. Five physicians attended the insured during this period.

The assistant vice president and claims director for defendant testified that the policy would not have been re-instated had the facts of his illnesses, treatments and confinements been revealed.

The plaintiff testified that the defendant's local agent, Lee Palmer, knew of her husband's alcoholic problems when the original policy was issued, and also knew, prior to the lapse of the policy and at the time the policy was re-instated, that her husband was an alcoholic and had been institutionalized several times. She testified further that after the policy lapsed she asked Palmer about re-instating the policy, telling him in that conversation that "it looked like her husband was going to throw all of the money away due to his drinking and alcoholic condition" and that Palmer replied that he understood her husband's problem and would see that the policy was re-instated. She also testified that the re-instatement application was filled out by Palmer to the best of her knowledge and belief.

The trial court granted defendant's motion for summary judgment. Plaintiff appeals from this judgment and has enumerated same as error: *Held:*

1. "Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) Fraudulent; or (2) Material either to the acceptance of the risk, or . . . (3) The insurer in good faith would either not have issued the policy or contract, . . . if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." *Code Ann.* § 56-2409 (Ga. L. 1960, pp. 289, 660).

That the application for re-instatement contained misrepresentations and that such were material to the risk is not disputed. Nor is it disputed that the application was signed by the insured. "One who signs an application for insurance in a completed state . . . is bound by the answers to the questions appearing on it." *State Farm &c. Ins. Co. v. Anderson,* 107 Ga. App. 348 (1) (130 SE2d 144).

2. An applicant is prima facie charged with knowledge of the contents of an application signed by him, but this may be rebutted. If one in fact makes truthful answers to an agent who nevertheless mistakenly or fraudulently records them otherwise on the application, and the applicant is for some reason prevented from ascertaining the discrepancy and signs the application, the company will be estopped from avoiding liability for misrepresentation. *Stillson v. Prudential Ins. Co. of America,* 202 Ga. 79 (42 SE2d 121). However, there is noth-

ing in the evidence to indicate that such was the case here. Nor did the testimony of plaintiff in her affidavit that the agent knew her husband was an alcoholic and had been institutionalized, when construed most favorably in plaintiff's favor, charge the agent and the defendant with knowledge that her husband had been hospitalized for acute gastroenteritis and cerebral concussion. The materiality of a representation is not measured by the ultimate cause of loss, but is determined by the influence such knowledge has on assuming the risk at the outset. *Mutual Benefit Health &c. Assn. v. Marsh*, 60 Ga. App. 431 (2) (4 SE2d 84).

There was no error in granting the defendant's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 8, 1967—DECIDED MARCH 13, 1968.

*Maurice Byers,* for appellant.

*Smith & Harrington, Will Ed Smith,* for appellee.