44468. BRANNON v. ALLSTATE INSURANCE COMPANY.

HALL, Judge. In this action by the insured to recover a theft loss by burglary under a homeowner's policy, the trial court directed a verdict for the defendant and the plaintiff appeals. The defendant insurer contends that the judgment was correct because the application for insurance signed by the plaintiff's husband as her agent (hereinafter referred to as the plaintiff) included a false representation and therefore the policy was void.

On defendant's cross examination the plaintiff testified that the insurer's agent asked him the questions on the application form and he gave the answers and the agent wrote them down, and he, the plaintiff, signed the form; he looked at the form but didn't read it before he signed. To the question "Does that cover everything that happened at that time that you recall when you were there?" the plaintiff answered "Yes." He identified and there was introduced as an exhibit "Northwestern Mutual Insurance Company . . . Notice of Cancellation" effective January 7, 1966. There was a claim under the Northwestern policy in November 1965 for a fire loss of a kitchen cabinet and smoke damage— which was the only loss he had ever had with any company. (The witness' wife (plaintiff) testified that there had been two separate fire loss claims under the canceled Northwestern policy.) The plaintiff was shown the application, dated January 3, and identified his signature thereon. He testified when he went to see the insurer's agent that he took the notice with him and when the insurer's agent asked him why he was changing insurance companies he said he had a policy canceled and showed it to the agent *before the application*

*was made,* and the agent saw it. He told the agent he had to have a policy at Standard Federal by January 7th.

The insurer's agent testified that the plaintiff gave him the information and he wrote the answers given him by the plaintiff to the questions on the application and he saw the plaintiff sign it after he wrote the answers to all the questions. He asked the plaintiff about any previous claims he might have had under a previous policy and was given no information about any previous claims. He asked him the question whether or not he or any member of his household had had any similar insurance canceled, and he told him he had not. He denied that the plaintiff had shown him the notice of cancellation on the day the application was filled out.

The evidence elicited by the insurer showed that the insurer's agent asked the plaintiff the questions on the application for insurance, which were material to the risk; the plaintiff gave the answers to the questions recorded by the insurer's agent; the answers to the following were false: "Loss Information—Any prior fire, wind, hail, theft, water or C. P. L. losses? None . . . With respect to the applicant or any member of his household, has any insurer canceled or refused, or given notice that it intends to cancel or refuse any insurance similar to that applied for? [  ] Yes [ √ ] No." The plaintiff did not present any evidence conflicting with these facts. The evidence presented prevents a recovery by the plaintiff under the policy. Ga. L. 1960, pp. 289, 660 (*Code Ann.* § 56-2409) ; *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389, 392 (160 SE2d 612).

This case is unlike *Stillson v. Prudential Ins. Co. of America,* 202 Ga. 79 (42 SE2d 121) ; and *Tallent v. Safeco Ins. Co. of America,* 99 Ga. App. 11 (107 SE2d 331), in which the insurance agent filled in the application with information other than that given him by the insured, and directed verdicts were reversed. (Both were decided before the enactment of the statutory provision embodied in *Code Ann.* § 56-2409, supra.) In the *Stillson* case the plaintiff presented evidence that the insured gave the insurance agent preparing the application complete information concerning his health and medical treatment; the agent read back the answers given by the insured which he pretended he had written, and concealed the false answers he had actually written when the insured signed the application.

The trial court did not err in directing a verdict for the defendant.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED MAY 7, 1969—DECIDED OCTOBER 15, 1969.

*Robert Carpenter, LeRoy C. Hobbs,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin, David A. Handley,* for appellee.