51546, 51547. PITTS v. GULF LIFE INSURANCE COMPANY (two cases).

DEEN, Presiding Judge.

These are actions by the widow and daughter of the deceased on two life insurance policies issued March 18, 1974. The insured was killed by a gunshot wound the same day. Summary judgment was granted the insurer and the plaintiff beneficiaries appeal.

1. Statements in applications for insurance shall be considered as representations, not warranties, and misrepresentations shall not void the policy unless they are material to the hazard assumed, or unless the insurer in good faith would not have issued the policy under the terms stated if the true facts had been known to it. Code § 56-2409. The third ground for voiding the policy under this section, not involved here, is fraud. The Code section as a whole thus covers two distinct legal principles. First, statements in applications are not *warranties,* the falsity of which would void the policy whether known to the insured or not, but are *representations* only. Secondly (paraphrasing the statute) they will void the policy if made wilfully with intent to deceive, are relied on, do in fact deceive, etc., *or* if they are false and material to the risk (although some element of fraud is absent) *or* if they increase the hazard resulting in the loss. This last element is effective when the loss is related in some way to the misrepresentation, which, like the fraud exception, is not involved here.

2. We thus look to see whether there is a

misrepresentation material to the risk assumed. In this context a misrepresentation is a false or incomplete statement regarding a factual situation. But it is not a warranty. If it were, its falseness or incompleteness, if material to the risk, would void the policy regardless of whether the maker did or even could have known of its falsity or incompleteness. But since it is a representation merely, it must be judged not on the basis of truth/untruth in an absolute sense, as would a warranty, but on the basis of truth/lie, considering the knowledge and understanding of the insured. As stated in Gilham v. Nat. Life &c. Ins. Co., 104 Ga. App. 459, 466 (122 SE2d 164): "While good faith is no defense to a false representation. . . [a] question [in the application] could only be based on the plaintiff's actual knowledge of the insured's 'health history' and their understanding and interpretation of this question. The term 'health history,' like the terms 'good health' and 'illness' must also be considered, in an application for insurance, not in the light of scientific, technical definitions but in the light of the insured's understanding in connection with which the terms are employed in the application." That this is the general rule in cases where the misrepresentation does not amount to fraud on the one hand or warranty on the other, see Rappe v. Metropolitan Life Ins. Co., 320 Mass. 376 (69 NE2d 584); Life & Cas. Ins. Co. of Tenn. v. Kelly, 202 Miss. 319 (32 S2d 120); Colonial Life Ins. Co. of America v. Mazur, 96 A2d 95; Accident Indem. Ins. Co. v. Feely (Ala.) 181 S2d 889; Cohen v. Penn Mut. Life Ins. Co., 48 Cal. 2d 720 (312 P2d 241), and cits. In Franklin Life Ins. Co. v. Wm. J. Champion & Co., 350 F2d 115, the court went even further and stated: "If such statements or representations as to good health are made in good faith, they are to be understood by the insurer to be only bona fide representations that the applicant is in good health according to the best of his belief and without any reasonable cause on his part to believe that he is not in good health. In such a case, this kind of statement or representation is to be deemed not material to the assumption of the risk."

At the very least, any misrepresentation in order to be such, and not a warranty, must concern some fact of

which the applicant has knowledge, and the answer must be considered in relation to his bona fide understanding of the information sought to be obtained.

3. The applications filled out by the insured in these cases covered a wide range of health questions. It was contended that two of the answers were material misrepresentations such as to void the policy. These are, in one instance: "Q. Have you had or been treated for heart disease, stroke, high blood pressure, circulatory disease, chest pain, diabetes, disease of kidneys or liver, emphysema, cancer, leukemia, or other malignancies? A. No. Q. Have you been hospitalized for operation or illness in the past 2 years? A. No." The other application contained the following question, among others: "Q. Has any person listed in Item 1 of Part A to the best of your knowledge and belief ever had or been told that they had: (a) Rheumatic fever, heart murmur, chest pains, high blood pressure, heart trouble of any kind, or any disease or disorder of the blood or circulatory system? A. No."

The insured in fact had high blood pressure secondary to alcoholism and had been given medicine for it on a number of occasions. He had also, during the past two years, twice been taken to a hospital overnight in connection with his alcoholism. The widow's affidavit opposing the motion for summary judgment contended that all answers given were truthful within the knowledge of the applicant since "no one ever told him he had the sickness or diseases mentioned" and "he had not consulted a physician in the last five years regarding sickness, injury or operation but had only been seen by a doctor in that period in connection with his problem of over-indulgence in alcoholic beverages." The overnight hospitalizations in connection with his drinking raise a permissible inference that he had been put there to dry out. Affidavits of doctors also reveal that the high blood pressure was connected with his alcoholism, and that he had been given prescribed medicines, but *nowhere* in any of the affidavits is there a statement that the insured knew or had ever been told that he had and was being treated for high blood pressure. There were *no* questions regarding alcoholism on the applications, nor was the applicant informed that "overindulgence" was to be listed

as "any other sickness, injury or operation." The answers may or may not have been true and bona fide within the extent of the applicant's knowledge; in view of the small amount of medical information contained in the four pertinent affidavits we can only surmise.

4. On a motion for summary judgment all inference must be indulged against the movant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866). Whether the answers given in the application were true according to the knowledge and understanding of the insured, as well as whether they were material, constitute jury questions. It was error to grant the motion for summary judgment.

*Judgments reversed. Quillian and Webb, JJ., concur.*

SUBMITTED JANUARY 14, 1976 — DECIDED JANUARY 30, 1976 — REHEARING DENIED FEBRUARY 17, 1976 —

*Rembert C. Cravey,* for appellant.
*Preston N. Rawlins, Jr.,* for appellee.