## 53854. UNITED INSURANCE COMPANY OF AMERICA v. DIXON.

SMITH, Judge.

Dixon brought suit against United Insurance Co. of America, appellant, seeking recovery on a life insurance policy issued to his late wife, and seeking penalty damages and attorney fees. Appellant's motion for a directed verdict was denied, and its motion for judgment n.o.v. after an adverse jury verdict was also denied. Judgment entered on the verdict was appealed on the grounds that the evidence did not support either the policy claim or a finding of bad faith in the appellant's refusal to pay. We agree with the latter contention only, and reverse the judgment awarding damages and attorney fees. The

judgment on the policy is affirmed.

1. After the insured, Mrs. Dixon, died, the appellant obtained medical information which showed that she had had hypertension prior to the time she applied for the insurance policy. Yet, in her application, she responded in the negative to a question concerning whether she previously or currently had high blood pressure. Further evidence showed that the appellant automatically rejected any application for the type policy issued Mrs. Dixon where the applicant answered the above question in the affirmative. Based on the above information, the appellant contended Mrs. Dixon had made a misrepresentation or an incorrect statement which relieved the appellant from its obligation to pay. Code § 56-2409 (3).

It is clear that Mrs. Dixon, in answering the question, was making a representation, not a warranty, that she did not now or previously have high blood pressure. Unless she had knowledge of this fact, it would not be held against her. *Pitts v. Gulf Life Ins. Co.,* 137 Ga. App. 658 (224 SE2d 776). While the evidence was clear and uncontroverted that she did once have high blood pressure, it was equivocal on the question whether she *knew* about it. The evidence would support a jury determination either way; therefore, a directed verdict excusing the appellant from liability under the policy would have been improper and was properly denied.

2. On the other hand, there was no evidence, other than the fact of refusal to pay, indicating the appellant was withholding payment in bad faith. There was ample evidence that the refusal was in good faith, for a jury might very well have sided with the appellant on the issue of its liability under the policy. Where the issue on ultimate liability is closely contested, a finding of bad faith is generally unjustified. *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862 (149 SE2d 864). The burden of showing bad faith was on Dixon, and he was required to introduce evidence to sustain his burden. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709). No evidence of bad faith having been introduced, the issue should not have been presented to the jury, and an award under Code § 56-1206 is therefore unjustified. A directed verdict in the ap-

pellant's favor should have been entered as to penalty damages and attorney fees, and the judgment in Dixon's favor on these counts must be reversed.

*Judgment affirmed in part and reversed in part. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 2, 1977 — DECIDED JULY 15, 1977 — REHEARING DENIED JULY 29, 1977 —

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, James B. Gilbert, Jr.,* for appellant.

*Hutto, Palmatary, Boshears & Magda, Jack S. Hutto,* for appellee.