## 54429. UNITED FAMILY LIFE INSURANCE COMPANY v. SHIRLEY.

BANKE, Judge.

The appellant, United Family Life Insurance Company, filed a declaratory judgment action to set aside two policies issued on the life of appellee's minor child, now deceased, on the ground that appellee had made material misrepresentations in the application for insurance. The appellee denied the charges and counterclaimed to recover the face amount of both policies. The jury returned a verdict for appellee on his counterclaim. The appellant moved for a new trial, and it now appeals the denial of its motion.

Appellee completed the first insurance application in January 1975 and the second in March 1975. In response to specific questions on the applications, the appellee answered that his son did not at that time have any illness or diseases. Another question on the application asked if "the proposed insured [had] consulted a physician or been confined to a hospital or institution within the past three years?" Appellee answered that his son had received only routine medical attention for a child his age, and the insurance agent recorded an answer of "No" to this question. At trial, the agent testified that he had acted in accordance with training instructions given him by appellant. Chief counsel for the appellant testified that an affirmative answer to any of the involved questions would have materially altered the insurer's risk. The appellee also executed medical authorizations authorizing appellant to secure the medical records of his son for review.

On August 26, 1975, Dr. Samuel Haddock diagnosed the insured child as probably having a fatal disease characterized by a progressive degeneration of the central nervous system. In October 1975 a specialist at Emory University confirmed the diagnosis, and the child died from the disease on January 11, 1976.

The applications were deemed merged into the

issued policies and a provision on the application limited the agent's authority to modify the contract.

1. The evidence presented at trial was inconclusive as to whether the child was already fatally ill when the appellee, his father, applied for the life insurance coverage in January and March 1975. The evidence was also inconclusive as to whether the appellee had at that time been informed of the possibility that his child might have a serious illness. The appellant relied on the testimony of Dr. Jack Lawrence who stated that he told the child's parents in November 1974 that he believed the child was developing a fatal muscle disease as proof of the fact that the appellee was informed. However, on cross examination Dr. Lawrence admitted that he might only have told one parent of his diagnosis and that he could not now remember which parent that was. The appellee relied on the testimony of Dr. Samuel Haddock that the appellee and his wife did not learn that their son had a fatal disease until October 1975.

Even if we assume, arguendo, that the child was fatally ill at the time the applications were completed, the policies cannot be voided unless appellant's evidence proves that appellee had actual knowledge of his son's condition when he represented him as being in good health. See *Pitts v. Gulf Life Ins. Co.,* 137 Ga. App. 658 (2) (224 SE2d 776) (1976) (cert. denied); *United Ins. Co. v. Dixon,* 143 Ga. App. 133 (237 SE2d 661) (1977) (cert. denied). Since the evidence introduced at trial on this issue was in conflict, the judge properly denied the appellant's motion for a directed verdict. See *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660 (1) (c) (231 SE2d 556) (1976); *United Ins. Co. v. Dixon,* supra.

The appellee did not contend that the appellant was barred from voiding the policies because of the representations of its agent (see *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498 (1978)), but argued that the failure to list routine visits to the doctor was not material. Under these circumstances the judge was correct in reserving for the jury's determination the issue of whether the appellee's failure to list all medical examinations, even those of a routine nature, within a 3-year period was a misrepresentation so *material* or

*misleading* that had the insurer known the true facts, it would not have issued the policy under the terms stated. See Code Ann. § 56-2409; *Pitts v. Gulf Life Ins. Co.*, (3) (4), supra. Compare *Prudential Ins. Co. v. Perry*, 121 Ga. App. 618 (2) (b) (174 SE2d 570) (1970) (knowing misrepresentation material as a matter of law.)

2. (a) The trial judge did not err in denying appellant's request that the jury be charged that if a representation made on an application for insurance is shown to be false and material in that it changed the nature, extent, or character of the risk, the insurer is not liable on the policies, regardless of the applicant's good faith in completing the application. See *All Am. Life &c. Co. v. Saunders*, 125 Ga. App. 7 (186 SE2d 328) (1971).

We impliedly overruled[1] this section of the *Saunders* decision in *Pitts v. Gulf Life Ins. Co.*, 137 Ga. App. 658, supra, 659, when we said that since a response on an insurance application is merely a representation, "it must be judged not on the basis of truth/untruth in an absolute sense, as would a warranty, but on the basis of truth/lie, considering the knowledge and understanding of the insured." We also applied this test in *United Ins. Co. v. Dixon*, 143 Ga. App. 133, supra, (1) without reference to the contrary rulings in our decisions prior to *Pitts v. Gulf Life Ins. Co.*, supra. But see *Peek v. Southern Guaranty Ins. Co.*, 142 Ga. App. 671 (2) (236 SE2d 767) (1977) (reversed on other grounds, 240 Ga. 498, supra).

The *Pitts* standard for judging the effect of a misrepresentation by the applicant on his application for insurance is fully applicable in this situation where the appellee was applying for insurance on the life of his 2-year-old child. In adopting *Pitts v. Gulf Life Ins. Co.*, supra, and *United Ins. Co. v. Dixon*, supra, as being the law governing this case, we expressly overrule *All*

---

[1] Rule 26 (c) of the Court of Appeals states that a whole court decision is binding precedent. However, a majority of the judges (see *Pitts* and *Dixon*, infra) have indicated their approval of the law as stated in *Pitts v. Gulf Life Ins. Co.* For this reason, we feel that the *Saunders* decision has been impliedly overruled.

*American Life &c. Co. v. Saunders,* supra; *Reserve Life Ins. Co. v. Chalker,* 127 Ga. App. 565 (1) (194 SE2d 290) (1972); and *Bridges v. World Service Life Ins. Co.,* 134 Ga. App. 923 (1) (216 SE2d 714) (1975) insofar as they treat responses to insurance applications as warranties, totally disregarding the applicant's good faith (i.e., knowledge) once the falsity and materiality of the representation is proved.

(b) The judge's charges to the jury on this issue, both taken from *Pitts v. Gulf Life Ins. Co.,* supra, were correct statements of the law.

3. The trial judge did not err in denying appellant's motion for new trial. The evidence introduced at trial provided ample support for the jury's verdict; and, as we discussed in Divisions 1 and 2, there was no error in the judge's rulings at trial.

*Judgment affirmed. Bell, C. J., McMurray, Smith, and Shulman, JJ., concur. Deen, P. J., concurs specially. Quillian, P. J., Webb and Birdsong, JJ., dissent.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED JANUARY 11, 1978 — REHEARING DENIED FEBRUARY 8, 1978 — ▮▮▮▮▮▮▮▮

*McClure, Ramsay, Struble & Dickerson, John A. Dickerson,* for appellant.

*Cathey & Strain, Dennis T. Cathey,* for appellee.

DEEN, Presiding Judge, concurring specially.

Having viewed the dissent, and, in this light, restudied the majority opinion, I fully concur with the majority except I now feel it unnecessary to overrule *Reserve Life Ins. Co. v. Chalker,* 127 Ga. App. 565 (194 SE2d 290). There is no evidence of any representation of any information conveyed by insured to agent other than as contained in the application, and even if she had given the undisclosed information to the agent, the limitation of the agent's authority contained in the application insulates the insurer and would have required the same result. The only error contained in *Chalker* is in citing *All Am. Life &c. Co. v. Saunders,* 125 Ga. App. 7 (186 SE2d 328), which admittedly was inapplicable and unnecessary

for a consideration of *Chalker*.

The distinction between the case sub judice and *Chalker* is that in the former the applicant father did not know of the adverse illness, and in the latter the applicant did know of hospitalization visits not listed on the application. There being a limitation as to the authority of the agent in the application in both cases, a jury question arising in the former and not in the latter is not inconsistent.

BIRDSONG, Judge, dissenting.

The majority has completely overlooked the meaning of Code Ann. § 56-2409. This Code section is unambiguous. The section reads as follows: "All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

"(1) Fraudulent; or

"(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

"(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." The statute is clear and unambiguous. Statements in insurance policies are treated as representations. If the misrepresentation is (1) fraudulent; or (2) material to acceptance of the risk; or (3) such that it would affect the amount of coverage or the issuance of the policy, then recovery under the policy is barred. In the instant case, the misrepresentation was both material to the risk and of such significance that it would have precluded the issuance of the policy.

In reaching its decision, the majority has overlooked the Supreme Court case of *Preston v. Nat. Life &c. Ins. Co.,*

196 Ga. 217 (26 SE2d 439). The Supreme Court there related that a policy could not be avoided upon the ground of the falsity of a representation, though warranted, unless that representation was material and the variation from the truth such as to change the nature, extent, or character of the risk. The Supreme Court then stated, "This is true although the applicant may have made the representations in good faith, not knowing that they were untrue . . . The representations when made, if material, are warranties under the Code, but they differ from the ordinary warranty in that their falsity does not avoid the policy unless they are material and the variation from the truth is such as to change the nature, extent, or character of the risk. It is therefore immaterial whether the warrantor acted in good faith in making them..." *Preston v. Nat. Life &c. Ins. Co.,* 196 Ga. 217, 229, supra. Clearly, knowledge of the truth or falsity of the representation is irrelevant.

It is apparent that the Supreme Court treated the statements as representations and that the falsity of the representations only avoids the policy when they are untrue and change the nature, extent or character of the risk. The Supreme Court stated that while the words "warranty" and "covenant" have each been used in decisions, and the Code itself in one section contains the word "covenanted," such statements by applicants have been consistently construed as having no greater effect than mere representations.

An examination of the cases overruled by the majority "insofar as they treat responses to insurance applications as warranties" fails to reveal how, if at all, these cases treat such responses as warranties. On the contrary, these cases expressly refer to statements made in applications as "representations"; nowhere does the term "warranty" appear. Judge Clark, in *Bridges v. World Service Life Ins. Co.,* 134 Ga. App. 923 (1) (216 SE2d 714), stated: "Insured's *representation* that he was of good health was an *incorrect statement.*" (Emphasis supplied.) Judge Quillian, in *All Am. Life &c. Co. v. Saunders,* 125 Ga. App. 7 (186 SE2d 328) referred only to representations, not warranties. And Judge Deen, in *Reserve Life Ins. Co. v. Chalker,* 127 Ga. App. 565 (194

SE2d 290) cited *All Am. Life &c. Co. v. Saunders,* supra, without once referring to warranties.

In reaching its conclusion, the majority places great emphasis on the *Pitts* "truth/untruth in an absolute sense . . . truth/lie" standard. While such an interpretation may be appropriate in a philosophical context, the unalterable fact remains that the appellee made an incorrect statement which was material to the acceptance of the risk assumed by the insurer and therefore bars recovery. *Mutual Benefit Health &c. Assn. v. Marsh,* 60 Ga. App. 431 (2) (4 SE2d 84); *General Assurance Corp. v. Roberts,* 92 Ga. App. 834 (90 SE2d 70); *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389 (160 SE2d 612); *Brannon v. Allstate Ins. Co.,* 120 Ga. App. 467 (171 SE2d 319); *All-American Life &c. Co. v. Saunders,* supra; *Bridges v. World Service Life Ins. Co.,* supra; *Reserve Life Ins. Co. v. Chalker,* supra; *Preston v. Nat. Life &c. Ins. Co.,* supra.

Sympathy for the family of the deceased child cannot obviate the plain meaning of the statute or the interpretation of this court and the Supreme Court of Georgia. If the statute yields a harsh result, it is for the legislature to change, not the court.

I respectfully dissent.

I am authorized to state that Presiding Judge Quillian and Judge Webb join in this dissent.