## 55303. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY v. ROUSE.

WEBB, Judge.

The holder of a life insurance policy died from injuries inflicted by a shotgun blast, National Life refused to pay, and the beneficiary sued. National Life asserted that in her application for insurance the holder falsely answered the question as to whether she had *ever* consulted with or been treated by a doctor, or been told by a doctor, that she had high blood pressure; that the falsity of her answer was known to her; and that the policy of insurance would not have been issued had she given a truthful answer. The insurance company's motion for summary judgment was denied, and the issue is before us on a grant of immediate review pursuant to Code Ann. § 6-701 (a) 2.

An officer of the insurance company by affidavit in support of its summary judgment motion stated that "whether she [the insured] had ever been treated by a doctor for, or had been told by a doctor that she had high blood pressure" was material to the acceptance of the risk and to the hazard, and that the application would not have been approved, "and the policy sued on would not have been issued had he known that on May 5, 1970, the applicant consulted with Doctor William L. Griffin of Augusta, Georgia, complaining of stomach cramps, some dizziness and headaches and an elevated blood pressure of 160/100 and was treated by him for hypertension, and that on February 14, 1974, she consulted with the same

doctor, complaining of being nervous with a blood pressure of 160/90 and was told she had hypertension for which she was given a prescription. . .”

Dr. Griffin by deposition testified that he saw the applicant on May 5, 1970 at a time when she was 31, that "she was complaining of some stomach cramps, some dizziness and headaches. . ., and her pressure was elevated, blood pressure was about 160/100” which he considered high for her age, that normal for her would have been "about a hundred and twenty over eighty.” At that time he prescribed for her hypertension. He further deposed that he saw her on February 4, 1974, "she was complaining of being nervous but her pressure was 160/90 this particular time, so I gave her an anti-hypertensive agent and I gave her a tranquilizer, and I gave her valium 2 mgs.” Dr. Griffin testified that he discussed with her the hypertension and told her for what purpose he was giving her the prescription.

The application for insurance was made on July 1, 1975. The applicant's answer was "no” to the question had she "within the past five years consulted with or been treated by a doctor, or been confined to any hospital?”

Plaintiff offered nothing to controvert the affidavit of the insurance company's officer or the testimony of Dr. Griffin.

Ordinarily it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 626 (2. b) (174 SE2d 570) (1970) and cits. Here no issue is presented upon that point—the physician's testimony that he had treated the applicant for high blood pressure and had discussed it with her, and the executive of the insurance company's affidavit that the policy would not have been issued had the applicant answered the questions truthfully, are not denied or controverted by the beneficiary. He is silent.

In *United Family Life Ins. Co. v. Shirley,* 144 Ga. App. 722 (1978), there was conflicting evidence on the issue of the applicant's knowledge of his son's ill health at the time he represented him to be well. In *United Ins. Co. v. Dixon,* 143 Ga. App. 133, 134 (1) (237 SE2d 661) (1977)

this court found that "While the evidence was clear and uncontroverted that she did once have high blood pressure, it was equivocal on the question whether she *knew* about it." In the case at bar, the evidence is unequivocal that she was told about her high blood pressure, and the claimant has made no denial of her knowledge.

In a motion for summary judgment the burden is on the movant, but the opposing party may not rest upon the mere allegations or denials of his pleading. He must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Code Ann. § 81A-156 (e). Here the plaintiff made no response. It is the duty of each party at the hearing on motion for summary judgment to present his case in full. *Summer-Minter & Associates, Inc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1973).

We conclude that summary judgment should have been granted on the defendant's motion, and reverse the judgment of the trial court's denial.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED FEBRUARY 24, 1978.

*Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellant.

*Nicholson & Nicholson, C. G. Nicholson,* for appellee.