## 55457. McGHEE v. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY.

BIRDSONG, Judge.

McGhee brought suit against Independent Life & Accident Ins. Co. (Independent), alleging that she was the beneficiary of a certain life insurance policy and entitled to proceeds payable thereunder. From the grant of summary judgment in favor of Independent, McGhee appeals. *Held:*

1. McGhee's claim is premised upon the contention that Independent was bound by certain representations,

allegedly made by Independent's agent, concerning the effective date of coverage under a life insurance policy, notwithstanding the fact that no policy naming McGhee as beneficiary was ever issued by Independent. In fact, the uncontroverted evidence revealed that the application for the insurance policy under which McGhee attempted to recover benefits contained the following misrepresentations, inter alia: that the applicant (McGhee's purported husband) had never used or been treated for use of addictive drugs when in fact he had been convicted of possession of heroin, did use such drugs, and had received Methadone treatment; that the applicant had never been treated for dizziness, mental or nervous disorder when in fact he had been treated for "being in a trance-like state" and anorexia; that the applicant had never been treated for stomach disorders when in fact he had been treated for "aching in the abdomen with nausea and vomiting." Appellant was also fraudulently referred to as wife of the deceased while in fact she was not legally married to the deceased. These misrepresentations were, as a matter of law, material to the insurer's acceptance of the risk. See *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 626 (174 SE2d 570) and cits. As a result, the policy, if in fact it was in effect, was voidable at the election of the insurer. Code Ann. § 56-2409. See *Preston v. Nat. Life &c. Co.,* 196 Ga. 217 (26 SE2d 439). The trial court's grant of summary judgment in favor of Independent was proper. *Nat. Life &c. Co. v. Rouse,* 145 Ga. App. 4 (243 SE2d 300).

2. As to the representations concerning coverage allegedly made by Independent's agent, "[t]he coverage of the policy [may not] be extended by estoppel or by waiver. The doctrine of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. [Cits.]" *Ballinger v. C. & S. Bank,* 139 Ga. App. 686, 689 (229 SE2d 498). See also *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (152 SE2d 895). As McGhee failed to establish entitlement to insurance benefits under the terms of the policy, the trial court did not err in granting summary judgment to Independent.

*Judgment affirmed. Bell, C. J., and Shulman, J.,*

*concur.*

Submitted February 27, 1978 — Decided May 3, 1978 — Rehearing denied June 20, 1978.

*Phillip Slotin,* for appellant.
*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, Paul H. Anderson, Jr.,* for appellee.