## 33497. UNITED FAMILY LIFE INSURANCE COMPANY v. SHIRLEY.

MARSHALL, Justice.

The issue raised by the grant of certiorari in this case is whether misrepresentations made by the appellee in his application for insurance policies on the life of his minor child, now deceased, were material as a matter of law, under Code Ann. § 56-2409 (Ga. L. 1960, pp. 289, 660) and prior decisions of the Georgia appellate courts, so as to prevent a recovery under the insurance policies. A majority of the Court of Appeals affirmed the action of the trial court in denying the appellant's motion for a directed verdict and submitting the case to the jury. The Court of Appeals further held that the evidence supported the jury's verdict for the plaintiff insured.

The two allegedly material misrepresentations were as follows: 1. That the applicant's child did not at that time have any illness or diseases. 2. That the child had not consulted a physician or been confined to a hospital or institution within the past three years.[1]

Regarding the first alleged misrepresentation, the majority opinion ruled that the evidence was inconclusive not only as to whether the child was already fatally ill when the appellee father applied for coverage, but also as

[1] Appellee answered the question by stating that his son had received only routine medical attention for a child his age, and the insurance agent, in accordance with training instructions given him by the appellant, recorded an answer of "No."

to whether the appellee had *knowledge* of any illness or disease. Citing *United Ins. Co. v. Dixon,* 143 Ga. App. 133 (237 SE2d 661) (1977) and *Pitts v. Gulf Life Ins. Co.,* 137 Ga. App. 658 (2) (224 SE2d 776) (1976), the majority held that, "Even if we assume, arguendo, that the child was fatally ill at the time the applications were completed, *the policies cannot be voided unless appellant's evidence proves that appellee had actual knowledge of his son's condition when he represented him as being in good health.*" (Emphasis supplied.) *United Family Life Ins. Co. v. Shirley,* 144 Ga. App. 722, 723 (1) (242 SE2d 274) (1978). The denial of the motion for directed verdict was based upon a conflict of evidence on this issue.

Regarding the second alleged misrepresentation, the majority opinion held that "the judge was correct in reserving for the jury's determination the issue of whether the appellee's failure to list all medical examinations, even those of a routine nature, within a 3-year period was a misrepresentation so *material* or *misleading* that had the insurer known the true facts, it would not have issued the policy under the terms stated." *Shirley,* supra, p. 723 (1).

Ordinarily, it is a jury question as to whether a misrepresentation is material, but where the evidence excludes every reasonable inference except that it was material, it is a question of law for the court. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 626 (2b) (174 SE2d 570) (1970) and cits. Since the appellee responded, in answer to the question of whether his child had consulted a physician, etc., to the effect that he had taken him to physicians for "routine" medical attention for a child his age, and the agent, at the insurer's direction, recorded this as a "No" answer to the question, we are unable to hold that this representation was either false or material as a matter of law. For, if the appellee had taken his son to physicians for only "routine" medical attention, the representation was indeed true. However, if the appellee had taken his son to one or more physicians for visits which could be classified as nonroutine, or to a specialist, for treatment for a serious condition, then the appellee's response could be held to be a material misrepresentation as a matter of law. *Prudential Ins. Co. v. Perry,* 121 Ga.

App. 618, supra, p. 619 (2c). Since it is not clear from the evidence whether the child had been taken to a physician or physicians for nonroutine medical attention, i.e., treatment for illness or disease, the issues of the falsity and materiality of this representation were properly submitted to the jury.

Likewise, with respect to the issue of the materiality of the "misrepresentation" of no illness or diseases, it was proper to submit this to a jury in view of the conflict of evidence as to whether the child's illness or disease was in existence at the time the application was filled out. The judgment must be reversed, however, because the case was submitted to the jury upon an erroneous theory. The majority opinion, as indicated hereinabove, required actual *knowledge* of the misrepresentation in order to void the policies, citing *Pitts v. Gulf Ins. Co.,* 137 Ga. App. 658, supra, and subsequent Court of Appeals cases, and overruling certain other decisions in conflict with that ruling. In Division 2(a), the majority upheld the denial of a requested charge in this regard which conflicted with the *Pitts* standard.

Unfortunately, as was pointed out by the dissenting opinion in the Court of Appeals, that court, in the case sub judice and in previous cases upon which reliance is placed, has overlooked or failed to follow a full-bench decision of the Supreme Court which is controlling as to this point. In *Preston v. Nat. Life &c. Ins. Co.,* 196 Ga. 217 (26 SE2d 439) (1943), this court held that a policy can not be avoided upon the ground of the falsity of a representation, though warranted under the contract, unless that representation be material and the variation from the truth be such as to change the nature, extent, or character of the risk. This court then quoted an earlier Supreme Court case, on page 229, as follows: "This is true although the applicant may have made the representations in good faith, not knowing that they were untrue . . . The representations when made, if material, are warranties under the Code, but they differ from the ordinary warranty in that their falsity does not avoid the policy unless they are material and the variation from the truth is such as to change the nature, extent, or character of the risk. *It is therefore immaterial whether the warrantor acted in good faith in*

*making them."* (Emphasis supplied.) Under *Preston,* then, it is clear that, although the Code (§ 56-2409) provides that statements in the application are deemed to be representations and not warranties, misstatements or misrepresentations are *treated* as warranties, for the purpose of preventing a recovery under the policy, when they come under any one of the three criteria in § 56-2409. That actual knowledge of their falsity is not required to prevent a recovery, is plainly seen by the fact that this is only one of the three criteria, i.e., "(1) Fraudulent."

Accordingly, we expressly overrule those cases which require actual knowledge of the falsity of misrepresentations in order to prevent a recovery on the policy, including but not limited to *Canal Ins. Co. v. P & J Truck Lines, Inc.,* 145 Ga. App. 545, 547 (3) (244 SE2d 81) (1978); *Nat. Life &c. Ins. Co. v. Rouse,* 145 Ga. App. 40 (243 SE2d 300) (1978); *United Ins. Co. v. Dixon,* 143 Ga. App. 133, 134 (1) (237 SE2d 661) (1977); *Pitts v. Gulf Life Ins. Co.,* 137 Ga. App. 658 (224 SE2d 776) (1976).

The judgment in the case sub judice is reversed and a new trial ordered, so that the jury, properly instructed, can determine whether the appellee applicant made "misrepresentations, omissions, concealment of facts, [or] incorrect statements," and, if so, whether they prevent a recovery under the policies by virtue of *any one* of the three criteria of Code Ann. § 56-2409 (only one of which being the applicant's actual knowledge of the falsity, i.e., fraud).

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1978 — DECIDED SEPTEMBER 27, 1978.

*McClure, Ramsay, Struble & Dickerson, John A. Dickerson,* for appellant.

*Cathey & Strain, Dennis T. Cathey, James Bagley,* for appellee.