62931. JONES v. DELTA LIFE INSURANCE COMPANY.

SOGNIER, Judge.
Mary Nell Jones, as beneficiary of an insurance policy issued on the life of her mother, Addie Lee Jones, filed a complaint against

Delta Life Insurance Company (Delta) seeking to recover on the policy. The trial court granted Delta's motion for summary judgment and Jones appeals.

Appellant contends that the trial court erred in granting Delta's motion for summary judgment because genuine issues as to material facts remain for jury determination. Appellee contends that summary judgment was correctly granted because Addie Lee Jones fraudulently misrepresented certain facts in her application for insurance, and under the provisions of Code Ann. § 56-2409 Delta was entitled to judgment as a matter of law. We reverse. The application for life insurance which Addie Lee Jones purportedly signed included the following question: "Has any person proposed for coverage — so far as you know or believe,

1. Had medical, surgical or other treatment or advice in past five years? . . .
3. Ever had been diagnosed as having, or does any person now have:
(a) Disease or disorder of
(i) Lungs or bronchi; asthma; tuberculosis; exposure to tuberculosis? . . .
(c) Impaired sight, hearing; cancer; a growth; diabetes; syphilis?
(d) Any other impairment, sickness, injury in past five years?"

The applicant, when asked these questions, answered in the negative. On January 30, 1980, Mrs. Jones died of lung cancer.

The application for insurance is dated November 12, 1979. In September 1979 Addie Lee Jones went to the emergency room of the Medical Center of Central Georgia complaining of a cold and cough. At this time a chest x-ray revealed a lesion on her left lung. Mrs. Jones underwent further tests and treatment, and on October 23, 1979 another chest x-ray revealed that the lesion was still present. While Mrs. Jones' treating physician suspected but had not diagnosed cancer, he testified by affidavit that he had discussed his objective findings with Mrs. Jones. Addie Lee Jones was admitted to Coliseum Park Hospital in Macon, Georgia on November 1, 1979; on November 7, 1979 she underwent exploratory surgery which revealed cancer of the left lung.

On deposition Mary Nell Jones testified that she was present when her mother applied for life insurance with Delta in July 1979. It is undisputed that the deceased was in a hospital in Macon on November 1, 1979 and remained hospitalized until November 15, 1979. The application is dated November 12, 1979 and indicates that it was signed by the applicant in Douglas, Georgia on that date. One of

Delta's representatives testified by affidavit that the application was *received* in its home office in Atlanta on November 12, 1979; the district manager of Delta's Douglas, Georgia office testified by affidavit that the policy of life insurance was *issued* by Delta on November 12, 1979; the salesman for Delta testified by affidavit that "On November 12, 1979, as the agent for Delta Life Insurance Company, I *wrote* a life insurance policy . . . to insure the life of Addie Lee Jones . . . in Douglas, Georgia . . . The original application was submitted to the Home Office for Delta Life Insurance Company in Atlanta, Georgia." (Emphasis supplied.)

Appellee contends that there were misrepresentations made in the application which were material to its acceptance of the risk of insuring Addie Lee Jones. See Code Ann. § 56-2409. The misrepresentations allegedly occurred on November 12, 1979 when the application was taken. However, appellant contends that no misrepresentations were made in July 1979 when Delta's agent took Mrs. Jones' application, because the applicant was not experiencing any medical problems at that time.

Appellee also contends that Mrs. Jones was ill with pneumonia as early as 1977 and misrepresented this fact on the application. There is evidence by affidavit of a physician who treated Addie Lee Jones that she consulted him in June 1977 at a clinic in Macon, "and left the clinic prior to completion of evaluation, but tentatively had been diagnosed as having pneumonia."

Construing the evidence most strongly in favor of respondent and against the movant on summary judgment, and giving the party opposing the motion for summary judgment all favorable inferences, we must conclude that there are questions of fact regarding the alleged misrepresentations made on the application for life insurance for Addie Lee Jones. *Jarriel v. Preferred Risk &c. Ins. Co.,* 155 Ga. App. 136, 140 (270 SE2d 238) (1980). We cannot say, as a matter of law, when the application was taken, or if Mrs. Jones misrepresented any facts to the agent when the application was taken. In addition, the evidence that Mrs. Jones *may* have been suffering from pneumonia in 1977 did not demand a judgment, as a matter of law, in favor of Delta. Whether misrepresentations are material is ordinarily a question for the jury and the evidence here does not exclude every reasonable inference except that it was material. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 626 (174 SE2d 570) (1970); *United Family &c. Ins. Co. v. Shirley,* 242 Ga. 235, 236 (248 SE2d 635) (1978). There is no evidence in the record that applicant's visit to the Macon clinic would have affected Delta's decision to issue the insurance policy on the life of Addie Lee Jones. Appellee has cited numerous cases in support of its argument that misrepresentations as to past medical

attention in an insurance application are material as a matter of law. Each case cited, however, is factually distinguishable from the instant case. See *New York Life Ins. Co. v. Hollis,* 177 Ga. 805 (171 SE 288) (1933); *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389 (160 SE2d 612) (1968); *National Life &c. Ins. Co. v. Rouse,* 145 Ga. App. 40 (243 SE2d 300) (1978); *McGhee v. Independent Life &c. Ins. Co.,* 146 Ga. App. 310 (246 SE2d 349) (1978); and *Jefferson Standard &c. Co. v. Bridges,* 147 Ga. App. 5 (248 SE2d 5) (1978). The materiality of the alleged misrepresentation in this case should be submitted to the jury. Hence, summary judgment in favor of Delta was erroneously granted.

*Judgment reversed. Shulman, P. J., concurs. Birdsong, J., concurs specially.*

DECIDED MARCH 8, 1982.

*Douglas W. Mitchell III,* for appellant.
*Roy Harkleroad, H. J. Quincy,* for appellee.

BIRDSONG, Judge, concurring specially.

I concur in the reversal of this case for the following reasons: There is a jury question as to when the deceased applied for life insurance to wit: whether the application was made in July, 1979, as contended by the daughter of the deceased or November 12, 1979, as contended by the appellee. Furthermore, a question of fact remains as to whether the deceased had a disease in July, 1979 which would preclude recovery under Code Ann. § 56-2409. If she did in fact, as shown by evidence, have a disease, and that disease was material either to the acceptance of the risk, or to the hazard assumed by the insured; or the insurer in good faith would not have issued a policy or would not have issued one at the premium rate applied for; or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer would the insurer have issued the policy? Such facts were required to be included in the application. In the event of the presence of a disease materially affecting the issuance of the policy, it would have made no difference as to whether the deceased knew or did not know of the nature of the disease. Under such circumstances, appellant would be precluded from recovery. *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635).