### 65611. O'KELLY v. SOUTHLAND LIFE INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

Plaintiff, James F. O'Kelly, brought an action against the Southland Life Insurance Company to recover benefits due on an insurance policy issued by the defendant on the life of plaintiff's wife. The complaint alleged that the plaintiff was named as beneficiary on the policy; that the policy was in full force and effect when plaintiff's wife died; that all terms and obligations on plaintiff's part had been fulfilled; that despite plaintiff's demand defendant had refused to pay the benefits under the policy, thereby breaching the obligations of the policy. The complaint sought recovery of all benefits due under the policy plus penalties and attorney fees for the defendant's bad faith refusal to pay.

The defendant's answer denied the material allegations of the complaint and set forth that in the application for the policy the plaintiff and the insured made false representations. The defendant, based on the pleadings, certain admissions and an affidavit, moved for summary judgment on the ground that there was no genuine issue of material fact since the plaintiff and the insured made false answers to questions contained in the application which false answers were material to the risk.

It appeared that in 1972 the plaintiff's wife had treatment for cancer and had undergone a total mastectomy of her right breast. However, her death was due to causes unrelated to that illness.

The questions contained in the application were: "Has proposed insured or payor: a. Ever had or been treated for diabetes, cancer, epilepsy, nervousness or mental disorder, high blood pressure, shortness of breath, or disease of the heart or arteries? b. Any bodily deformity, amputation, or impairment of sight or hearing?" Each was answered in the negative by checking a box.

In opposition to defendant's motion the plaintiff offered his affidavit which recited that defendant's insurance agent, who had collected premiums under another life policy, requested that plaintiff's wife take out a new so-called "automatic issue" policy since plaintiff's wife's policy was then paid up; that plaintiff's wife agreed to take out the policy when the agent indicated that the sole requirement was for plaintiff's wife to sign the application; the agent asked plaintiff's wife no questions and told her to sign the application which was not filled out at the time it was signed.

After a hearing the trial judge granted the defendant's motion for summary judgment. The plaintiff appealed. *Held:*

OCGA § 33-24-7 (b) (Code Ann. § 56-2409) provides: "Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: '(1) Fraudulent; (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.' "

In making a determination in this type of case, the general rule is as held in *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389, 391 (2) (160 SE2d 612): "An applicant is prima facie charged with knowledge of the contents of an application signed by him, but this may be rebutted. If one in fact makes truthful answers to an agent who nevertheless mistakenly or fraudulently records them otherwise on the application, and the applicant is for some reason prevented from ascertaining the discrepancy and signs the application, the company will be estopped from avoiding liability for misrepresentation." Accord, *Liberty Nat. Life Ins. Co. v. Houk,* 157 Ga. App. 540 (2) (278 SE2d 120).

With regard to whether one who signed the application may escape the consequences of an agent inserting untruthful answers therein, some of the cases have enunciated the principle that: "Where an application is signed in blank and authority given by applicant to the agent of the company to fill out the application from information given him, any false answers inserted in the application, which is attached to and made a part of the policy issued, *unless inserted by a misleading device or artifice perpetrated by such agent,* will be binding on the applicant." (Emphasis supplied.) *Nat. Accident &c. Ins. Co. v. Davis,* 50 Ga. App. 391 (2) (178 SE 320). Accord, *Bourne v. Balboa Ins. Co.,* 144 Ga. App. 55, 56 (240 SE2d 261).

Of course in applying this rule to the facts of our case we recognize that the evidence must be construed most strongly in favor of respondent and against the movant for summary judgment and that the party opposing the motion must be given the benefit of all favorable inferences. *Jones v. Delta Life Ins. Co.,* 161 Ga. App. 532, 534 (288 SE2d 885). Under such construction, the plaintiff's affidavit would raise an issue as to whether the agent was guilty of misleading the plaintiff and the deceased, by artifice, in explaining that "all that was required for the policy" was that the application be signed.

However, even if this did not create a factual matter for determination by a jury, for yet another reason the issue was not subject to summary adjudication.

In *Stillson v. Prudential Ins. Co.,* 202 Ga. 79, 82 (42 SE2d 121) it was held: " 'In an action on a contract of insurance, the insurance company is generally considered estopped to deny liability on any matter arising out of the fraud, misconduct, or negligence of an agent of the company. If either party must suffer from an insurance agent's mistake, it must be the insurance company, his principal. This principle is illustrated by the rule that the insurer is estopped to assert the falsity of answers to questions contained in an application for insurance or the policy itself, where such false answers are inserted by the insurer's agent to whom the applicant for insurance gave correct answers or information.' . . . 'According to the great weight of authority, if an agent of the insurer, after obtaining from an applicant for insurance a correct and truthful answer to interrogatories contained in the application for insurance, without knowledge of the applicant fills in false answers, either fraudulently or otherwise, the insurer cannot assert the falsity of such answers as a defense to liability on the policy, and this is true generally without regard to the subject-matter of the answers or the nature of the agent's duties or limitations on his authority, at least if not brought to the attention of the applicant.' " Accord, *Liberty Nat. Life Ins. Co. v. Houk,* 248 Ga. 111, 112 (2) (281 SE2d 583).

In the recent companion cases of *Browning v. Davis,* and *Browning v. State Farm Fire &c. Co.,* 167 Ga. App. 393 (—— SE2d ——), we were confronted with a factual situation inherently similar to the one here in that it was contended that the insured was not asked the questions the answers to which the agent filled in incorrectly. Citing the two Supreme Court decisions plus several from the Court of Appeals we held that a jury question was presented. See *Nat. Casualty Co. v. Borochoff,* 45 Ga. App. 745, 747 (1) (165 SE 905); *Southern Surety Co. v. Fortson,* 46 Ga. App. 265 (1 & 2) (167 SE 335); *Nat. Life & Accident Ins. Co. v. Pollard,*

66 Ga. App. 895, 897 (19 SE2d 557); *Barber v. All American Assurance Co.*, 89 Ga. App. 270, 275 (79 SE2d 48); *Tallent v. Safeco Ins. Co.*, 99 Ga. App. 11, 12 (107 SE2d 331); *Allstate Ins. Co. v. Anderson*, 121 Ga. App. 582, 584 (174 SE2d 591); *Jarriel v. Preferred Risk &c. Ins. Co.*, 155 Ga. App. 136, 138 (270 SE2d 238); *Clubb v. American Accident Co.*, 97 Ga. 502 (25 SE 333).

We therefore adopt the reasoning of our latest opinion as well as that of the other cases cited. The trial judge erred in granting defendant's motion for summary judgment since there remained a material issue of fact for the jury's determination.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 22, 1983 —
REHEARING DENIED JULY 14, 1983.

*Sheryl Fambrough,* for appellant.
*James C. Howard, Jr.,* for appellee.