**Ross J. WOOD, Plaintiff,**

v.

**NATIONAL BENEFIT LIFE INSURANCE COMPANY, Defendant.**

**No. C82–2887A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 27, 1984.

See also, D.C., 631 F.Supp. 9.

Richard P. Decker, Robert A. Moss, Decker, Cooper & Hallman, Atlanta, Ga., for plaintiff.

H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Douglas N. Campbell, Mitchell, Loggins, Campbell & Elsberry, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

Before the Court in the above-styled civil action are cross-motions for complete or partial summary judgment as well as a motion to strike the affidavit of Mr. McMahon.

### Part I—Background

This is a diversity action involving coverage of $75,000.00 on the life of Kristofer Lee Wood ["Kristofer"], who died at the age of twenty-two of respiratory failure resulting from muscular dystrophy.

Ross J. Wood ["Wood"] brought this action, as beneficiary, in the Superior Court of Fulton County, Georgia, to recover the insurance proceeds. National Benefit Life Insurance Company ["National Benefit"] removed the case to this Court and filed its counterclaims to rescind the insurance certificate in question because of misrepresen-

tations in the application, and in the alternative, to obtain a declaratory judgment that the coverage is void *ab initio* because the insured neither signed the application nor consented in writing to issuance of the certificate. National Benefit also seeks to recover damages because of fraud, including expenses of litigation and punitive damages.

Five other similar actions are pending before this Court as set forth in Part I of this Court's *Guarantee Trust* order, Civil Action No. C82–1897A.

The Court incorporates by reference and adopts into this order Part I § B of the *Guarantee Trust* order concerning Kristofer's history of muscular dystrophy.

### Part II

### Section A

National Benefit is entitled, as a matter of law, to rescind the certificate because of misrepresentations contained in the application. In order to rescind an insurance contract under O.C.G.A. § 33–24–7 (Ga.Code Ann. § 56–2409), one must establish: (1) that the application contained misrepresentations, omissions, concealment of facts, or incorrect statements; and (2) that they were fraudulent; or material either to the acceptance of the risk or to the hazard assumed by the insurer; or that the insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at a premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer.

The following questions and answers contained in the application were considered in issuing the coverage:

8. To the best of your knowledge and belief have you

(a) had medical … advice or treatment for any ailment, injury or sickness … during the past five years?

Answer: No.

(b) Ever had ... any other serious disease or infirmity?

Answer: No.

■ When the application was completed, Kristofer was in the advanced stages of muscular dystrophy, a disease that had been progressively debilitating to him for almost all of his life. At that time, Kristofer had lost the use of his legs and was confined to a bed or wheelchair because of the muscular dystrophy. Kristofer had a keen mind and had full knowledge of his condition when the application was filled out. Based upon the record, there is no reasonable doubt that the application contained misrepresentations as to Kristopher's medical condition.

According to Wood, Kristofer instructed Wood to fill out the applications to respond "No" to the above questions and to sign his name "Kris Wood" as applicant. During his deposition, Wood concedes that he doubted whether the answers given to the questions contained in the various applications were true and he admits that a representation that Kristofer had no impairment in his physical condition was not true.

Wood maintains that the motion for summary judgment should be denied because Kristofer believed that he was in good health and free from physical defects. This argument, however, is without merit. *See United Family Life Insurance Co. v. Shirley*, 242 Ga. 235, 248 S.E.2d 635 (1978). Based upon Kristofer's medical history, there is no reasonable doubt that Kristofer misrepresented his health in the application.

The Court now turns to the questions of whether the misrepresentation is material to the risk and whether the insurer would have issued the policy if the true facts had been disclosed.

Ordinarily the question of whether a misrepresentation is material is left for the jury. However, where, as here, the evidence excludes every reasonable inference

except that it was material, no factual issue remains for determination by the jury. *New York Life Insurance Co. v. Schneider*, 155 Ga.App. 768, 770, 272 S.E.2d 739 (1980). The materiality of a medical misrepresentation is not measured by the ultimate cause of the loss, but is determined by the influence such knowledge would have on assuming the risk at the outset. *Jessup v. Franklin Life Insurance Co.*, 117 Ga.App. 389, 160 S.E.2d 612 (1968).

■ In the case *sub judice*, it is beyond dispute that the failure to disclose that Kristofer suffered from the serious disease or infirmity of muscular dystrophy was material to the risk assumed by any company providing life insurance. Mr. McMahon, National Benefit's manager for mass marketing, explains by affidavit that the policies would not have been issued under the company's applicable underwriting standards had Kristofer's history of muscular dystrophy been disclosed. Further, the very fact that the company has special underwriting standards concerning applicants with muscular dystrophy shows that the muscular dystrophy is an important factor in evaluating whether the company should issue insurance at all and if so at what rate such risk should be assumed by the insurer. In this case, the very physical condition of Kristofer that was concealed was in fact the condition that caused or contributed to the loss.

The application also fails to disclose that Doctor Dalrymple, during a house call within five years of the application, examined Kristofer with regard to his condition of muscular dystrophy.

The Court concludes that the misrepresentations in the application were material to the risk that National Benefit assumed by issuing the coverage. Furthermore, it is established by National Benefit's underwriting standards and by affidavit of Mr. McMahon that the application would have been declined had the health questions been answered truthfully.[1] Consequently,

1. The Court denies the motion to strike the affidavit of Mr. McMahon for the same reason it denied the motion to strike the affidavit of Mr.

Dedrick in the *Guarantee Trust* case. *See Guarantee Trust* order, 631 F.Supp. 15, footnote 1.

rescission of the coverage is authorized as a matter of law. O.C.G.A. § 33–24–7(b)(2) and (3); *Taylor v. Time Insurance Co.*, C77–1148A (N.D.Ga. April 11, 1978), *aff'd*, 583 F.2d 743 (5th Cir.1978); *see also Bridges v. World Service Life Insurance Co.*, 134 Ga.App. 923, 216 S.E.2d 714 (1975); *Jefferson Standard Life Insurance Co. v. Bridges*, 147 Ga.App. 5, 248 S.E.2d (1978).

### Section B

Motions for litigation expenses and punitive damages are premature at this time. *See Guarantee Trust* order Part V.

However, the Court notes that National Benefit, as a defendant asserting independent claims for relief by way of counterclaim, may recover expenses under O.C.G.A. § 13–6–11 upon a showing that Wood acted in bad faith, or has been stubbornly litigious, or has caused National Benefit unnecessary trouble and expense. *Ballenger Corporation v. Dresco Mechanical Contractors, Inc.*, 156 Ga.App. 425, 274 S.E.2d 786 (1980).

Further, the Court points out that punitive damages may not be awarded in cases arising on contract, *Pelletier v. Shultz*, 157 Ga.App. 64, 276 S.E.2d 118 (1981), unless the claim amounts to tortious conduct. *Diana v. Monroe*, 132 Ga.App. 669, 672, 209 S.E.2d 70 (1974).

### Part III—Conclusion

In summary, the Court makes the following determinations:

(1) that National Benefit is entitled to rescind the coverage because of material misrepresentations in the application that violate O.C.G.A. § 33–24–7(b)(2) and (3);

(2) that the affidavit of Mr. McMahon satisfies the requirements of Fed.R. Civ.P. 56; and

(3) that motions for expenses of litigation and punitive damages are premature at this time.

For the reasons set out in the body of this order, the Court GRANTS the defendant's and DENIES the plaintiff's motion for summary judgment. The motion to strike the affidavit of Mr. McMahon is DENIED.