### 18106

A. E. GRAHAM, d/b/a Graham's Grill, Respondent, v. AETNA IN-SURANCE COMPANY, Globe & Republic Insurance Company of America, The Eagle Fire Company of New York, and Pearl Assurance Company, Ltd., Appellants.

(132 S. E. (2d) 273)

*Messrs. Burroughs & Green,* of Conway, *for Appellants,*

*H. T. Abbott, Esq.,* of Conway, *for Respondent,*

August 8, 1963.

TAYLOR, Chief Justice.

This appeal arises out of an action to recover upon four fire insurance policies issued to plaintiff by the four defendant insurance companies. The four policies were procured simultaneously through one insurance agency and covered a building and the contents thereof in which plaintiff operated a restaurant. Upon trial in the Court of Common Pleas for Horry County, the jury returned a verdict in the amount of $17,701.28 and defendants appeal.

On or about October 28, 1960, a fire totally destroyed the insured building and its contents and plaintiff in his complaint alleges that he filed the required proof of loss, cooperated completely and complied with every request of defendants; but that defendants had failed to comply with the provisions of the policy with respect to payment.

Defendants answered admitting the issuance of the policies but contending that plaintiff willfully concealed a previous fire loss in violation of the following provision appearing in each policy:

"This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

The answers further allege that had the fact of the previous loss been disclosed, the agent would not have issued the policies to plaintiff.

Upon trial it developed that plaintiff had received $8,176-.00 as payment for a fire loss that he had sustained in 1955 on a dwelling and its contents located on property belonging to plaintiff approximately 3 or 4 miles from the site of plaintiff's restaurant.

"A concealment in the law of insurance is the designed and intentional withholding of any fact, material to the

risk, which insured in honesty and good faith ought to communicate. As a general rule a failure by insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at insurer's option. However, the modern practice of requiring applicant to answer questions prepared by insured has relaxed this rule to some extent, since information not asked for is presumably deemed immaterial." 45 C. J. S. Insurance § 473(3), p. 153.

Answers to oral questions asked of the insured by insurer's agent when applying for insurance are only representations and such answers even if false are not sufficient to avoid the policy unless they are material to the risk, known to the applicant to be false, made with intent to mislead and defraud the insurer and are relied upon by the insurer as a basis for the issuance of the policy. *Atlantic Life Insurance Co. v. Beckham,* 240 S. C. 450, 126 S. E. (2d) 342.

Defendants rely principally upon the testimony of its agents, Mr. and Mrs. Ed Taylor, to establish its contention that plaintiff had willfully concealed the facts and circumstances of a previous fire.

Mr. Ed Taylor testified that plaintiff told him that the only previous fire he had was a tenant house on which he had no insurance; that while he inspected the property and talked to plaintiff for approximately an hour, the only property with which he was concerned at the time was the property which plaintiff wished insured.

Mrs. Clydie Taylor testified that the first time she saw plaintiff was when he came to the office to return an insurance binder that had been issued to him after he had applied for the insurance. The following is her only testimony relative to plaintiff's previous fire loss:

"Q. Did you have any conversation with him about any previous fire losses?

"A. Yes, I did.

"Q. Will you tell us what he told you?

"A. He said he had never had but one fire loss and that was a tenant house without insurance."

Plaintiff testified that he had suffered a previous loss when a tenant house on this same farm burned, but there was no insurance coverage. He did not admit or deny that he had told the agent that this was the only previous loss but explained the unreported loss by saying that "* * * I was talking about that farm out there where I lived."

An applicant has a duty to fully answer questions propounded without evasion, misrepresentation or concealment. In order for this Court to determine whether plaintiff's alleged statement was a full and truthful answer to a particular question, such question should be set forth. The record before us does not contain the alleged interrogatories asked of plaintiff by the Taylors, only his purported answers. Without some evidence of the actual questions propounded, it is impossible to determine precisely whether plaintiff's answers were false or were mistakenly made in good faith. As Mr. Taylor testified that he was only concerned with the property he was preparing to insure the record is not conclusive whether the question propounded by him regarding previous fire losses was directed to losses occurring on that particular property as contended by plaintiff or any or all losses as contended by defendants.

"* * * Ordinarily, in the absence of fraud, a failure of insured to disclose a fact with reference to which no questions are asked is not such a concealment as will avoid a policy, and, as has been stated, where the company asked no information and insured makes no representations, insured being asked nothing may presume that nothing as to the risk is desired from him, * * *." 45 C. J. S. Insurance § 473(3), p. 155.

In the absence of inquiry, insured need not disclose that he had had previous fire losses for which he had collected insurance, 45 C. J. S. Insurance § 534, p. 275; and insurer's failure to inquire into facts it con-

siders material to the risk prior to issuance of the policy estops insurer to object to applicant's concealment unless the concealment is tainted with a fraudulent intent. See *Dixon v. Standard Mutual Life Ins. Co.,* 206 S. C. 241, 33 S. E. (2d) 516. Mere silence on the part of the assured as to a matter not inquired of is not to be considered such a concealment as to avoid the policy. *Aliud est celare, aliud tacere.*

For the foregoing reasons, under the evidence here, the trial Court could not have properly held, as a matter of law, that the plaintiff willfully concealed or misrepresented any material fact or circumstance within the meaning of the policy provision and it follows that he was correct in overruling defendants' motion for a directed verdict and submitting the cause to the jury.

Defendants' second exception relates to a written statement made and signed by plaintiff, under oath, prior to trial and refused admittance as evidence upon trial. Plaintiff was extensively cross-examined concerning the contents of this statement. The statement is not printed in the Transcript of Record, and it is impossible for this Court to say whether the testimony is contradictory to this statement or merely cumulative. Some of the questions propounded elicited admissions, some with explanations, to the effect that plaintiff had made such statements; others were not denied. Ordinarily, where contradictory statements of a witness, contained in a writing, are admitted by the witness to have been made, there is no need to introduce the instrument as proof thereof, and such is inadmissible on this ground, granting that it is admissible otherwise. *Squires v. Henderson,* 208 S. C. 58, 36 S. E. (2d) 738; *McMillan v. Ridges, et al.,* 229 S. C. 76, 91 S. E. (2d) 883. There is nothing in the record to suggest that the statement signed by plaintiff contained anything in the nature of an admission against interest so as to make the statement admissible on that ground.

The defendants argue, in effect, that the statement was admissible to prove the substantive fact that plaintiff swore falsely about a material fact or circumstance after the loss and thereby voided the policy. This contention is without merit for more than one reason. The contention was not made to the Court below. The statement not being in the record, there is nothing before us to show that there was anything therein tending to prove any substantive fact and, moreover, counsel, in the course of cross-examination, apparently read from the said statement all of the questions and answers which he considered had any probative effect as to whether or not there was any false swearing on the part of the plaintiff, as to any material fact or circumstance. As far as the record shows, plaintiff admitted that such questions and answers, dealing with any material fact or circumstance, were asked and given. Under these circumstances, there is no showing of any prejudice in the exclusion of this statement, even if the same were admissible.

For the foregoing reasons, we are of opinion that all exceptions should be overruled, and the judgment appealed from affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.