## 50482. BRIDGES v. WORLD SERVICE LIFE INSURANCE COMPANY.

CLARK, Judge.

Appellant sued World Service Life Insurance Company under a credit life policy which had been issued to her husband in connection with a debt incurred with the General Motors Acceptance Corporation. Defendant insurer denied liability under the provisions of Code Ann. § 56-2409 (Ga. L. 1960, pp. 289, 660) and filed a motion for summary judgment which was granted. This appeal is from that judgment.

The policy contained a one-line statement signed by insured which read: "I hereby certify that I am in good health as of the effective date above." On that date, September 5, 1972, when this representation of good health was made, the applicant was on furlough as an in-patient from a Florida hospital where he was receiving treatment for acute lymphoblastic leukemia. By interrogatory it had been established that decedent "was informed in 1971 by a military physician in Washington, D. C. that he had incurable leukemia and would live approximately two or more years." (R. 20). Due to this condition the insured died on June 27, 1973, nine months and twelve days from the date when the insured had represented to the insurer that he was in good health.

By affidavit insurer showed that it had relied upon the truthfulness of the representation of good health as submitted by the insured and that if it had been informed of his true condition at that time "such information would have had the effect of increasing the risk so substantially that said company would have been obliged in good faith to refuse to accept the risk, and would not have issued the policy of insurance on the life of the deceased." (R. 35). The premium had been returned voluntarily after insured's death. *Held:*

1. This case clearly comes within the provisions of Code Ann. § 56-2409. Insured's representation that he was of good health was an incorrect statement. The insurer has established that if the true facts had been known, then it in good faith would not have issued the policy. Accordingly, the trial court was correct in granting

the summary judgment motion for the insurer. Code Ann. § 56-2409; *Jessup v. Franklin Life Ins. Co.,* 117 Ga. App. 389 (160 SE2d 612); *Prudential Ins. Co. of America v. Perry,* 121 Ga. App. 618 (174 SE2d 570). Even if the applicant had made the representation in good faith, not knowing that it was untrue, the insurer is not liable where, as here, it shows that the representation was false and that it changed the nature, extent, or character of the risk. *All American Life &c. Co. v. Saunders,* 125 Ga. App. 7 (186 SE2d 328).

2. There is nothing in the record to show that the insurer's agent had knowledge of the falsity of the representation, a point argued in appellant's brief. Accordingly, this assertion cannot be considered as our decision must be made on the facts contained in the record. *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (187 SE2d 567); *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED APRIL 8, 1975 — DECIDED MAY 30, 1975.

*Robert L. Cork,* for appellant.
*McLane, Dover & Sherwood, J. Carroll Sherwood,* for appellee.