MULVIHILL v AMERICAN ANNUITY LIFE INSURANCE
COMPANY

Docket No. 58634. Submitted June 29, 1982, at Grand Rapids.—Decided November 4, 1982. Leave to appeal applied for.

M. Kevin Mulvihill purchased a credit life insurance policy from American Annuity Life Insurance Company. The insured was Mulvihill's wife, in whose name he had purchased an automobile. Shortly after the policy was issued Mrs. Mulvihill died of terminal cancer. American Annuity refused to pay on the policy and Mulvihill brought this action. The Kent Circuit Court, Woodrow A. Yared, J., granted summary judgment in favor of the plaintiff, holding that there was no requirement for the plaintiff to disclose the state of his wife's health when he purchased the insurance. Defendant appeals, alleging that plaintiff had a duty to disclose his wife's state of health to defendant regardless of any terms of the insurance contract. *Held:*

Absent any request from the insurer for information regarding the insured's state of health, and absent any statutory requirement for furnishing the information, the plaintiff was under no duty to volunteer it.

Affirmed.

Insurance — Life Insurance — Health of Insured.

A prospective insured is under no duty to volunteer information regarding his health absent a request from the insurer for such information or absent a statutory requirement for such disclosure.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Gregory G. Prasher*), for plaintiff.

*Baxter & Hammond* (by *Michael D. Wade*), for defendant.

Reference for Points in Headnote
43 Am Jur 2d, Insurance § 1055.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant appeals as of right the trial court's order granting plaintiff's motion for summary judgment.

Plaintiff purchased a credit life insurance policy from defendant; the insured was his wife Karen Ree Mulvihill. Plaintiff had purchased an Oldsmobile in the name of his wife which was "secured" by the insurance policy. Less than three weeks after the policy had been procured, Karen Mulvihill died. Defendant refused to pay on the insurance policy and, therefore, plaintiff filed the instant action. The trial court granted plaintiff's motion for summary judgment and stated that defendant was obligated to pay since the insurance contract did not contain a provision that required disclosure of Karen's state of health at the time the insurance was purchased.

On appeal, defendant contends that regardless of any of the terms of the insurance contract plaintiff had a duty to disclose to the insurance company his wife's state of health. Plaintiff's wife had terminal cancer and was lingering near death at the time the car was purchased.

Defendant relies upon a Florida case that imposed on those in plaintiff's position a duty to disclose any knowledge of the terminal illness of the insured. *National Life Ins Co v Harriott,* 268 So 2d 397 (Fla App, 1972). Plaintiff, on the other hand, urges this Court to follow *Uslife Credit Ins Co v McAfee,* 29 Wash App 574; 630 P2d 450 (1981). In *Harriott,* the Florida court imposed a duty upon the insured to disclose any knowledge of impending death. However, a Florida statute re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quired disclosure of facts where an insurer would not have issued the policy had those facts been known. No analogous statute is to be found in the Michigan Credit Insurance Act, MCL 500.601 *et seq.;* MSA 24.568(1) *et seq.* Accordingly, we decline to follow the Florida opinion.

In contrast, *McAfee* is a case which is substantially similar to the instant case, including the applicable statutes. In *McAfee,* the court stated, "Absent an insurer's request for health information or statement of good health, a prospective insured is under no duty to volunteer it." 29 Wash App 577; 630 P2d 453. Accordingly, we hold that plaintiff was under no obligation to disclose any knowledge of the impending death of his wife, the insured. The insurance company did not request the information, and plaintiff did not have the duty to volunteer it. If defendant wished to make a duty to disclose knowledge of terminal illnesses a condition of the policy, it should have included such a provision in the policy.

Our disposition of the foregoing issue renders it unnecessary for us to address plaintiff's alternative theory under the Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* The judgment of the trial court is affirmed.

Affirmed. Plaintiff may tax costs.