39675. BLOCK v. VOYAGER LIFE INSURANCE COMPANY.

CLARKE, Justice.

We granted certiorari to determine whether under the Civil Practice Act, OCGA Title 9, Chapter 11 (Code Ann. Title 81A), the pleadings may be amended to substitute a named party plaintiff when suit is filed in the name of a party which is not a legal entity. The Court of Appeals answered this question in the negative based upon holdings of this court prior to the adoption of the Civil Practice Act, and a line of cases following those decisions. *Voyager Life Ins. Co. v. Estate of Frank G. Bagley,* 165 Ga. App. 212 (299 SE2d 118) (1983). We now reverse and hold that such amendments are proper.

1. This appeal is a consolidation of two cases brought after the death of Frank G. Bagley to recover the proceeds of two credit life insurance policies issued to him by Voyager Life Insurance Company (hereinafter Voyager), the appellee. The suits were brought in the name of "Estate of Frank G. Bagley" as plaintiff. Voyager did not raise the issue of whether this denomination was a legal entity. The case proceeded and the trial court granted summary judgment to the plaintiff and Voyager appealed attacking the merits of the judgment. In reversing the judgment the Court of Appeals relied principally upon the language in *Orange County Trust Co. v. Estate of Takowsky,* 119 Ga. App. 366, 367 (166 SE2d 913) (1969), that "An estate is not a legal entity which can be a party plaintiff to legal proceedings. . . ." Such a suit " '. . . *is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by.*' " (Emphasis supplied.) *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322, 323 (31 SE2d 648) (1944), and cases there cited. As pointed out in the concurring opinion in the Court of Appeals, amendments to change the name of a party are permitted so long as the original party designation describes a person, firm or corporation. See *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (188 SE2d 901) (1972); a suit brought in the trade name of a company may be amended to substitute the correct corporate name if the trade name describes a legal entity, *Cheek v. J. Allen Couch & Son,* 125 Ga. App. 438 (187 SE2d 907) (1972).

"When a party desires to raise an issue as to the legal existence of

any party, the capacity of any party to bring or defend an action, or the authority of any party to bring or defend an action in a representative capacity, he shall do so by specific negative averment." OCGA § 9-11-9 (Code Ann. § 81A-109). The Civil Practice Act requires that a suit be filed by a real party in interest but allows for amendment to substitute the real party in interest if incorrectly named. OCGA § 9-11-17 (Code Ann. § 81A-117). OCGA § 9-11-15 (Code Ann. § 81A-115) provides for liberal amendments and this is consistent with our holdings that the pleadings are not an end in themselves but only a method to assist in reaching the merits of the case. *McDonough Constr. Co. v. McLendon Electrical Co.*, 242 Ga. 510 (250 SE2d 424) (1978). The courts shall construe the pleadings "as to do substantial justice." OCGA § 9-11-8 (f) (Code Ann. § 81A-108).

We have considered the liberal policies of the Civil Practice Act. We hold that where the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment. Additionally, a mere misnomer of a party in the pleadings is a defect which may be waived where the misnamed party is *in* fact the legally cognizable proper party in interest. Since this action has at all times been prosecuted by the personal representative of Bagley and Voyager has stipulated that it has no objection to the substitution of the proper named party, the holding that the action is void and a nullity is reversed.

2. The Court of Appeals' reversal was based on the procedural issue; we now turn to the merits of the appeal on the issue of whether the trial court erred in granting summary judgment in favor of the appellant against Voyager.

Frank Bagley was diagnosed as suffering from terminal cancer in 1977. Within three months of this diagnosis, Mr. Bagley purchased four vehicles on credit; each transaction also involved the purchase of credit life insurance. Two of these transactions involved credit life policies issued by the dealers as agents for Voyager. After Bagley's death Voyager refused to pay the claims, cancelled the policies, and refunded the premiums upon learning of his terminal illness at the time the policies were issued. A separate suit was instituted to recover on each policy; the issues are identical and the cases have been consolidated for appeal.

It is undisputed that Bagley knew of his illness at the time he purchased the automobiles and, in conjunction with the credit sales, purchased credit life insurance. It is also undisputed that no health questions were ever asked of Mr. Bagley by Voyager's agents and that the policy which governs these two cases had no disqualification or

exclusion for pre-existing health problems of the insured in regard to credit life. There are specific health exclusions in the policy governing disability insurance. The only personal exclusion involving the life insurance is that the debtor be younger than 71 years of age. The trial court held that Voyager must honor the policy and granted summary judgment.

The appellee contends that the policy is void because the insured's conduct was fraudulent under OCGA § 23-2-53 (Code Ann. § 37-704) and that the insured was barred from recovery under OCGA § 33-24-7 (Code Ann. § 56-2409). "Suppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-53 (Code Ann. § 37-704). OCGA § 33-24-7 (Code Ann. § 56-2409) governs the effect of misrepresentations by an insured in applying for insurance.

The representative of the insured contends that there was no obligation to communicate under OCGA § 23-2-53 (Code Ann. § 37-704). The issue is whether a prospective insured is under an affirmative duty to disclose every fact which the *insured* believes may be relevant when the insurer has not made any inquiry as to the particular fact and the policy is silent.

"Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(1) Fraudulent;

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." OCGA § 33-24-7 (Code Ann. § 56-2409).

Applying these provisions, it has been held that if an insured fraudulently conceals factors material to the risk when obtaining insurance the policy is voidable by the insurer. *Jefferson Standard Life Ins. Co. v. Bridges,* 147 Ga. App. 5 (248 SE2d 5) (1978); *McGhee v. Independent Life &c. Ins. Co.,* 146 Ga. App. 310 (246 SE2d 349) (1978). However, these and other cases cited involve situations where the insured made false statements in response to questions by the insurer. See also the discussion in *Bridges v. World Service Ins. Co.,* 134 Ga. App. 923 (216 SE2d 714) (1975), wherein the insured

obtained a credit life policy in connection with a debt and signed a statement certifying his good health when he knew he was suffering from terminal leukemia.

Georgia has not addressed the issue of whether a prospective insured has an affirmative duty to disclose health problems when obtaining credit life insurance. Voyager relies on the case of Nat. Life Ins. Co. v. Harriott, 268 S2d 397 (Fla. App. 1972), wherein Mr. Harriott in connection with a credit purchase also obtained joint credit life insurance on his life and the life of his wife. His wife was not present at the transaction and was suffering with terminal cancer. The Florida court left open the question of whether an insured who obtains coverage only on his own behalf is under a duty to disclose, but held the insurer could defend on fraud grounds when a person obtains something of value and insures another, unseen by the lender.

The reasoning of the Harriott case has generally not been followed in other jurisdictions. See Readey, "Cancer Cases — The Achilles Heel of Credit Life Insurance." Insurance Counsel Journal, Vol. L, No. 2, p. 241 (1983). In Uslife Credit Life Ins. Co. v. McAfee, 29 Wash. App. 574 (630 P2d 450) (1981), Mr. McAfee, an insurance agent, entered into 17 transactions involving credit life insurance on his terminally ill wife. The court allowed recovery under most of the policies based upon the prevailing view that "Absent an insurer's request for health information or a statement of good health, a prospective insured is under no duty to volunteer it." McAfee, supra, 630 at 453. Other jurisdictions are in accord with the view that if the policy contains no health exclusions and no inquiry is made by the insurer then the failure of a prospective insured to furnish information is not a concealment which can be used to void the policy. Graham v. Aetna Ins. Co., 243 S.C. 108 (132 SE2d 273) (1963); Greensboro Nat. Life Ins. Co. v. Southside Bank, 206 Va. 263 (142 SE2d 551) (1965); Southard v. Occidental Life Ins. Co., 31 Wis. 2d 351 (142 NW2d 844) (1966); Mulvihill v. American Annuity Life Ins. Co., 328 NW2d 402 (Mich App. 1983).

We find the view that the insured in this case was under no obligation to furnish additional health information is consistent with Georgia law. In *Ga. Farm Bureau Mut. Ins. Co. v. First Fed. &c. Assn.,* 152 Ga. App. 16 (262 SE2d 147) (1979), the insurer attempted to void a policy and deny fire protection coverage based upon the failure to inform the insurer that the insured was in default on his mortgage. The court found no duty to disclose even if the information was material. "An insurance company can not assert that a factor is material to the risk about which it has neither made inquiry or apprised its prospective insured." *Ga. Farm Bureau,* supra, at 18. We hold that failure of the insured to supply information when no

inquiry is made by the insurer or its agents and neither the certificate nor master policy of insurance inform the insured that certain illnesses are not covered will not raise a defense of fraud or material misrepresentation in a suit on the policy.

As pointed out by Mr. Readey in his above-cited article, the problems raised in these credit life cases could be remedied by requiring the insured to make a statement that to the best of his knowledge he is not suffering from a terminal disease.

*The judgment of the Court of Appeals is reversed. The case is remanded with the direction that the judgment of the trial court in the two cases appealed be sustained. All the Justices concur, except Marshall, P. J., and Bell, J., who dissent as to Division 2.*

DECIDED JUNE 15, 1983 —
REHEARING DENIED JULY 7, 1983.

*Paul Oliver,* for appellant.
*Robert N. Dokson,* for appellee.