## 41240. HALDI v. FOUNDATION LIFE INSURANCE COMPANY et al.
### (324 SE2d 189)

GREGORY, Justice.

This is an action in equity brought by appellees, several insurance companies, to rescind and cancel certain contracts of credit life insurance based on alleged fraud in the procurement of the policies. The facts established at trial are not in dispute. In 1970, Glenville Haldi's mother was suffering with terminal cancer. During August and September of that same year, Haldi went to several banks and made loans on his mother's behalf obtaining credit life insurance on each loan. There was no health information requested in connection with the loans or the insurance and Haldi admits he did not tell the insurers about his mother's cancer. Mrs. Haldi died in November of 1970. Following her death, the insurance companies brought this action against her estate to rescind and cancel the policies of credit life insurance. At trial, the insurers argued since the information concerning Mrs. Haldi's health was not voluntarily supplied at the time the policies were issued this constituted a form of fraud entitling them to rescind and cancel the policies. At the close of the plaintiff's evidence, the estate made a motion for a directed verdict on the ground there was no evidence of fraud. The trial court denied the motion and submitted the case to the jury. The jury returned a verdict in favor of the

insurance companies. The estate moved for judgment notwithstanding the verdict or for a new trial. Both these motions were denied by the trial court and this appeal followed.[1]

The appellant contends the trial court erred in denying its motion for a directed verdict because under Georgia law a prospective insured does not have an affirmative duty to disclose health problems when obtaining credit life insurance. We agree and reverse.

While the appellant's post-trial motions were pending in the trial court, this court had an opportunity to address this issue in *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (303 SE2d 742) (1983). There we held that "failure of the insured to supply information when no inquiry is made by the insurer or its agents and neither the certificate nor master policy of insurance inform the insured that certain illnesses are not covered will not raise a defense of fraud or material misrepresentation in a suit on the policy." 251 Ga. at 165. Therefore, the trial court erred in denying appellant's motion for a directed verdict. As we pointed out in *Block*, supra, the problems raised in these credit life cases could be remedied by requiring the applicant to make a statement that to the best of his knowledge the insured is not suffering from a terminal disease.[2]

*The judgment of the trial court is reversed and the case remanded with the direction that judgment be entered in favor of the appellant, defendant below. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED JANUARY 7, 1985 —
REHEARING DENIED JANUARY 28, 1985.

*Guy E. Davis, Jr.,* for appellant.
*Heyman & Sizemore, William H. Major,* for appellees.

WELTNER, Justice, dissenting.

I dissent. It is undeniable that the factual circumstances of this case are similar in measure to those in *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (303 SE2d 742) (1983). In that case, we declined to adopt the reasoning of the Florida court in Nat. Life Ins. Co. v. Harriott, 268 SE2d 397 (Fla. App. 1972), observing that to be a case "wherein Mr. Harriott in connection with a credit purchase also obtained joint credit life insurance on his life and the life of his wife. His wife was not present at the transaction and was suffering with terminal cancer.

---

[1] The appellant's motions for judgment notwithstanding the verdict and for a new trial were filed on May 19, 1980. These motions were overruled by the trial court on January 11, 1984. A notice of appeal was filed and the record was transmitted to this court on June 12, 1984. The case was argued before this court on September 11, 1984.

[2] The record reflects a number of applications were made in which health questions were asked. In each such instance no policy issued.

The Florida court left open the question of whether an insured who obtains coverage only on his own behalf is under a duty to disclose, but held the insured could defend on fraud grounds when a person obtains something of value and insures another, unseen by the lender." 251 Ga. at 165.

Here, and unlike *Block*, we have the exact circumstance underlying the Florida court's holding. I would limit *Block* to its facts, and in this case apply the logic of Nat. Life Ins. Co. v. Harriott, supra. In *Block*, the issuer of credit life insurance was, at a minimum, able to observe the physical appearance of the insured before approving coverage. Here, the insured was bed-ridden and suffering from terminal cancer.

In view of all the circumstances of the case, the failure of Haldi to disclose his mother's physical condition should constitute a defense.

I am authorized to state that Presiding Justice Marshall and Justice Bell join in this dissent.