This is an appeal from a declaratory judgment action brought by appellant, Allstate Insurance Company, Inc. (Allstate), to determine the rights and liabilities of the parties under an automobile insurance policy issued by Allstate to appellee, Daniel L. Shirah. The trial court held that Allstate was required to defend Shirah against an action filed by Fred Fellows and Lynda Fellows and to pay all sums that Shirah might become legally obligated to pay under the terms of the policy. We affirm.
On July 20, 1979, Shirah, accompanied by his parents, visited the office of the Allstate agent in Enterprise, Alabama, where Shirah made application for automobile insurance. The application process consisted of the agent's asking Shirah specific questions and then recording Shirah's answers on an application form. The application was then processed and approved. The policy became effective as of the date of application and remained effective for approximately three years, until 1982, when the events which precipitated this action took place. *Page 942 
On the night of April 26, 1982, Shirah went to a nightclub in Dothan, Alabama, and had several drinks. He left the club sometime after 10:30 p.m. Shortly before midnight, Officer Fred Williams of the Dothan Police Department observed a car slide to a stop in the left turn lane of Ross Clark Circle eastbound, where it intersects U.S. Highway 231. Officer Williams identified the driver of the car as Shirah. The car proceeded straight, instead of making a left turn, and accelerated rapidly. Officer Williams began pursuit and followed the car, which continued east on Ross Clark Circle. Officer Williams observed the car run a red light at the next intersection; cross over into the westbound, on-coming lane of traffic and travel approximately 200 yards; enter a shopping center parking lot, make a 360-degree turn, exit the parking lot onto Denton Road, and proceed north.
In response to a radio dispatch originating with Officer Williams, Officer Ronald Black and Officer Fred Fellows began traveling south on Denton Road. Officer Black's unmarked police car was in the lead. Upon sighting the headlights of Shirah's car, Officer Black, in an attempt to establish a "rolling roadblock," wherein his car would be in front of Shirah's car and headed in the same direction, made a sharp turn to the left across the northbound lane of Denton Road. Unfortunately, Officer Black's car stalled during the turn and blocked the northbound lane. Officer Fellows, a short distance behind Officer Black, also began a turn; however, his car remained in the southbound lane. Shirah, upon reaching Officer Black's car, swerved his car into the southbound lane. Shirah avoided hitting Officer Black's car, but, collided with Officer Fellows's car. Officer Black testified that the time lapse between Shirah's passing his car and striking Officer Fellows's car was less than one second.
Subsequent to the accident, Officer Fellows and his wife Lynda filed an action against Shirah for damages for injuries sustained by Officer Fellows. Moreover, Allstate discovered that Shirah, prior to making his application for insurance, had twice been convicted for driving under the influence of alcohol (DUI), once in 1975 and again in 1979. Neither conviction appeared on the insurance application form. Allstate cancelled Shirah's policy and initiated the declaratory judgment proceedings.
A trial was held and the testimony was presented ore tenus. Allstate raised two issues:
I. Whether the policy of insurance issued to Shirah was voidable because of misrepresentations in the application.
II. Whether the injuries inflicted upon Officer Fellows by Shirah were the result of an intentional act on the part of Shirah and thus not within the coverage of Shirah's insurance policy.
Following the conclusion of the trial, the trial court issued the following order with findings and conclusions:
 "This case came before the Court for trial on Plaintiff's Complaint for Declaratory Judgment. Testimony and evidence having been presented, upon consideration of such, the Court makes the following findings and conclusions:
 (1) That the Court is not reasonably satisfied that Daniel L. Shirah made a misrepresentation in the application for insurance filed with Allstate Insurance Company in that the Court is not reasonably satisfied that the Defendant was in fact asked if he had any accidents or tickets against his driving record. Daniel L. Shirah was under no duty to disclose such if he was never asked, and furthermore, there was no confidential relationship between the parties,
 (2) That the Court is not reasonably satisfied that any bodily injury or property damage in question was caused intentionally by Daniel L. Shirah.
Wherefore, it is hereby,
 ORDERED, ADJUDGED AND DECREED AND DECLARED that the rights of the parties are as follows:
 A. That Allstate Insurance Company is legally required to defend Daniel L. Shirah under its policy number 015239245, and particularly in the proceedings in that cause of action filed by *Page 943 
Fred William Fellows and Lynda Fellows against Daniel Lawrence Shirah in the Circuit Court of Houston County, Alabama, Civil Action No. 82-370-S.
 B. That Allstate Insurance Company shall pay all sums that Daniel L. Shirah should become legally obligated to pay arising out of the use and operation of a 1978 Ford automobile, Vehicle Identification No. 8G87F320729, to the extent set forth in Allstate Insurance Company's policy number 015239245."
On appeal Allstate raises the same issues it raised at trial.
 I.
Allstate argues that Shirah's failure to disclose his two DUI convictions was a misrepresentation under Code 1975, § 27-14-7, sufficient to avoid the policy. Section 27-14-7 provides in pertinent part:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(1) Fraudulent;
 (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
In its brief, Allstate contends that Shirah "failed and refused to reveal his convictions [for DUI] . . . with the intent to defraud the insurance company," and further that even in the absence of inquiry Shirah was under an affirmative duty to disclose those convictions.
The only evidence which would support Allstate's allegation of an intentional misrepresentation was testimony by its agent that he specifically asked Shirah whether he had had any tickets or violations within the past five years and that Shirah answered that he had not. Shirah, however, testified that Allstate's agent did not make any inquiries with respect to prior accidents or traffic violations. Furthermore, Shirah's mother, who Allstate admits was present when Shirah made his application, also testified that the agent did not ask Shirah about his driving record. On the basis of this testimony, the trial court concluded that it was not reasonably satisfied that Shirah had made a misrepresentation in that it was not reasonably satisfied that Shirah had in fact been asked about his driving record.
In those cases where the trial court makes findings of fact after the evidence has been presented ore tenus and the trial court has had the advantage of observing the demeanor of the witnesses, a presumption of correctness attends the findings of the trial court and those findings will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. Chaffin v. Hall, 439 So.2d 67 (Ala. 1983);Securitronics of America v. Bruno's, Inc., 414 So.2d 950 (Ala. 1982).
We recognize that an applicant's intentional misrepresentation of a material fact, which is relied upon by the insurer, permits the insurer to avoid the policy, BankersLife Cas. Co. v. Long, 345 So.2d 1321 (Ala. 1977); however, on the record before us, the issue of Shirah's misrepresentation is not free from doubt. Indeed, the testimony on that issue is in direct conflict. The trial court, sitting without a jury, was in a position to observe the demeanor of the witnesses and to evaluate the veracity of their testimony. In *Page 944 
light of the testimony that was given by Shirah and his mother, we cannot hold that the findings of the trial court were not supported by any evidence or any reasonable inference therefrom.
The general rule regarding the effect of an insurer's inquiry, or lack of inquiry, when taking applications for insurance has been stated thusly:
 "If the insurer propounds questions to the applicant and he makes full and true answers, the applicant is not answerable for an omission to mention the existence of other facts about which no inquiry is made of him, although they may turn out to be material for the insurer to know in taking the risk. Nor can an insurer accepting an application with questions unanswered claim a concealment of matters which the answers to the questions would have disclosed."
43 Am.Jur.2d Insurance § 1008, p. 1015 (1982). Likewise, 12A J. Appleman J. Appleman, Insurance Law and Practice § 7276, p. 327, 330-32 (1981), states in part:
 "Inquiries in an application for insurance directed to an applicant must be reasonably designed to elicit from him information which he possesses material to the risk as a condition precedent to the application of the rule that failure to disclose may provide a basis for avoidance of a policy. It has been stated that the insurer is assumed to know and to seek the extent of the information desired and cannot claim a concealment where no inquiry was made as to such matter. In such case, at least, the concealment is usually not considered fraudulent."
Applying the foregoing principles to the findings of the trial court, we cannot hold that the judgment of the trial court was palpably wrong or manifestly unjust.
Contrary to the position taken by Allstate, we cannot say that Shirah, even in the absence of specific inquiry, was under an affirmative duty to disclose the existence of his DUI convictions. The United States Supreme Court in Stipcich v.Metropolitan Life Ins. Co., 277 U.S. 311, 314, 48 S.Ct. 512,513, 72 L.Ed. 895 (1928), conceded that the modern practice of requiring an applicant for insurance to answer questions prepared by the insurer had relaxed to some extent the traditional rule that failure by the insured to disclose facts affecting the risk, of which he was aware, made the insurance contract voidable at the insurer's option. The Supreme Court reasoned that information that was not asked for was presumably deemed immaterial. See, 9 G. Couch R. Anderson, CouchCyclopedia of Insurance Law § 38:72, p. 388, 389 (2d ed. 1962). Moreover, our own cases have stated that when parties are intelligent and deal at arm's length, with no confidential relations, there is no duty to disclose when information is not requested and that mere silence will not then constitute fraud.Ray v. Montgomery, 399 So.2d 230, 232 (Ala. 1980); Collier v.Brown, 285 Ala. 40, 44, 228 So.2d 800, 802 (1969); Mudd v.Lanier, 247 Ala. 363, 377, 24 So.2d 550, 562 (1945).
Finally, we would add that courts in other jurisdictions have also been hesitant to find misrepresentation when information was not directly solicited. Thus, failure to mention a wife's terminal illness when obtaining insurance on her life, UslifeCredit Life Ins. Co. v. McAfee, 29 Wn. App. 574, 582,630 P.2d 450, 455 (1981), failure to disclose previous collection of fire insurance when obtaining a fire insurance policy, Grahamv. Aetna Ins. Co., 243 S.C. 108, 112-13, 132 S.E.2d 273, 275
(1963), and failure to disclose that an airplane lacked an airworthiness certificate, Stewart-Smith Haidinger, Inc. v.Avi-Truck, Inc., 682 P.2d 1108, 1116 (Alaska 1984), have been held not to rise to the levels of misrepresentation.
 II.
Allstate argues that the injuries received by Officer Fellows were the result of an intentional act by Shirah and therefore were not within the coverage of Shirah's insurance policy. The policy contained the following provision:
"EXCLUSIONS — What is not covered *Page 945 
This coverage does not apply to liability for
 (8) bodily injury or property damage caused intentionally by, or at the direction of, an insured person."
This standard form insurance policy exclusion is analogous to the exclusion provision that was at issue in Alabama FarmBureau Mutual Casualty Ins. Co. v. Dyer, 454 So.2d 921 (Ala. 1984). In Dyer, we were asked to consider whether a provision that excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the [i]nsured" was applicable where the insured, Wayne Dyer, had shot and killed his brother William. In that case, the trial court, sitting without a jury, found that Wayne's shooting of his brother was neither "expected nor intended from the standpoint of the insured." Affirming the findings of the trial court, we first noted that the question of whether an injury inflicted by the insured upon another person was expected or intended was a question of fact for the jury or judge. 454 So.2d at 924. We then held:
 "[A] purely subjective standard governs the determination of whether the insured . . . either expected or intended to inflict bodily injury. . . . Under this subjective test, an injury is `intended from the standpoint of the insured' if the insured possessed the specific intent to cause bodily injury to another, whereas an injury is `expected from the standpoint of the insured' if the insured subjectively possessed a high degree of certainty that bodily injury to another would result from his or her act."
Id. at 925.
Unlike Dyer, where the trial court had to determine whether the insured either expected or intended the injuries that occurred, in the instant case, because of the language of the exclusion provision, the trial court had only to determine whether Shirah intentionally caused the injuries suffered by Officer Fellows. Despite the circumstances preceding the accident, the record indicates that there was sufficient evidence to support the trial court's finding that Shirah did not intentionally cause "any bodily injury or property damage." To recapitulate, the accident occurred at approximately midnight. Shirah was driving north in the northbound lane of Denton Road. Officer Black's unmarked police car had stalled and was sideways, blocking the northbound lane. Officer Fellows had begun to turn his car and was blocking the southbound lane. Upon reaching Officer Black's car, Shirah swerved his car into the southbound lane. Shirah avoided Officer Black's car, but collided with Officer Fellows's car. Officer Black testified that the time lapse between Shirah's passing his car and colliding with Officer Fellows's car was less than one second. Based upon all the evidence, we hold that the trial court could have reasonably concluded that Shirah's actions with regard to the accident that resulted in injury to Officer Fellows were not intended to cause Fellows's injury. The ore tenus presumption of correctness attaches to the trial court's findings.
On the basis of the foregoing analysis, the judgment of the trial court is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.